United States v. Berry, Arnita? Yes. Good morning, your honors. The case of Mr. Berry concerns sentencing guidelines section 2A3.5A, which is used to calculate the advisory guideline range for a SORNA violation. This is one of first impression before this court. The government this morning is going to ask you to go against all other circuit courts that have ruled on this issue. To do what the government is asking, we'll open the floodgates. They want this court to rule that the circumstance specific approach or the non-categorical approach applies when calculating the advisory guideline range for SORNA violation, when the guidelines themselves use a categorical approach to determine the base offense levels. In order to calculate an advisory guideline range for SORNA violation, a court has to first determine a defendant's base offense level. The offense level is dictated by a defendant's sex offender tier classification in SORNA. SORNA classifies sex offenders into three tiers depending on the seriousness of the underlying sex offense. In sentencing guideline 2A3.5, they basically have three different base offense levels, 16 being the highest for tier 3 and going on down to base offense level 2, sorry, 12. And your man got a tier 3. That is correct. And what do you say he should have gotten? Well, I would say that he should have gotten either tier 2 or 1. What do you say he should have gotten? I would say tier 1. That being because the statute, the underlying statute. You say it's tier 1 and a categorical approach? Correct. Have you read that Price case? I have, Your Honor. So the Price case is not directly on point, but does provide good guidance. When you all filed your briefs, nobody even mentioned it. Well, it was, there was an order, Your Honor, issued by this court, as you're aware, asking us to brief that case. Right, I know. Right, and the timing of this case as well, Your Honor, the opening brief was filed in March. Do you think Price helps a little bit on this? I'm sorry? Do you think Price informs what applies here? Well, I would say it does provide good guidance because of note is the fact that the court suggested that the circumstance-specific approach would not apply to other subsections, 42 USC 16911, because as you're well aware of, Your Honor, in Price, the question on appeal was whether the South Carolina conviction satisfied the definition of sex offense. And so the whole issue on that appeal was whether the indictment should have been dismissed because that defendant claimed he wasn't even required to register under SORNA. Mr. Berry's case is different because he's not disputing that he was required to register under SORNA. So because it's two different issues, it's our position that the circumstance-specific approach would not apply because all we are trying to... Well, why wouldn't it be then at least, why wouldn't it be at least a modified categorical appraisal? Well, I would not dispute that because in the end... So you admitted modified, you said earlier, categorical appraisal. Well, right. So a modified categorical approach, could they at least look to see the age of the victim? Well, yes. And then that's what all the other courts... So you don't have any problem with that? Correct. And that's what all the other courts have basically done. They have said that when you're looking at, when you're trying to, you can look at the categorical approach for the offense because they're all generically defined. So, however, at the same time, you do have to look at the age. So you can only use the circumstance-specific approach when looking at the age of the victim, which you need to know in order to determine which tier classification. So I do not dispute that at all. But in this particular case, what happened was the district court didn't even apply a categorical or a modified categorical approach. The district court didn't even compare the New Jersey statute to SORNA. That was not even done. To what extent did the district court go into the underlying circumstances of the predicate offense? Well, the court went to it to determine, obviously, the victim's age, but beyond that, they looked at that to determine what specific category, which tier Mr. Berry was going to be subjected to. Because for Tier 3, they have a, excuse me, so for Tier 3, they have to, it had to do more with the age and the judge did not analyze or compare the New Jersey statute with what was held under Tier 3. Did the judge actually go into the circumstances beyond age of the predicate conviction? Correct. Yes. The judge actually looked at the actions that were taken by the defendant. And the defendant, though, in the end was convicted of child endangerment. And so looking beyond what he was convicted of, the judge went and looked at other, went to a police report, actually. So what happened was that sentencing, the government didn't even introduce Shepard-type documents. The only thing they relied on were the police reports as summarized by the probation office. Were you involved in the sentencing? No, I was not, Your Honor. Because the judge actually asked him, his lawyer, if there's anything, any authority that says she couldn't look at that stuff, and the lawyer said no. Right? Correct. He basically conceded that she could look at whatever she wanted to look at. Well, actually, no, I actually, I would disagree. The lawyer did object all along. I mean, he was saying that she could not look at the underlying facts because that would then create a mini trial. And he also objected to the fact that they were only relying on the police reports. Well, the thing that concerns me here is that we are going to be delving into the, if we don't apply a categorical, a modified categorical approach, we're going to be delving into each of these specific predicate convictions. And some of them took place a good while ago because, you know, once you are convicted of one of these sex offenses, the period during which you're required to register is a long time. So you could be looking way back. Correct. Going into the circumstances of these convictions, and you probably can't recreate things, and even if you could, for the victims of this kind of behavior, going through an evidentiary hearing and reliving the trauma of childhood sexual abuse has got to be horrific. Exactly. And that's one of the things that troubles me about not adopting a modified or categorical approach or a categorical approach. I don't think district courts have the time to go fishing around in these old convictions, and I'm not convinced it's a healthy societal thing to ask victims to recall what's happened to them many, many years ago. If they want to bring a civil suit, that's one thing. Correct. But to bring them before the court, that's another. And, you know, these Shepard-approved documents don't always wrap it up for you. Well, correct, and especially in this case because Mr. Berry entered into a plea. I mean, this wasn't even the result of the trial. What circuit was it that said that we ought to, in these things, apply the modified categorical approach to the extent of looking at the age of the victim? Was that the Eighth Circuit? That was actually in – it was the Seventh Circuit. Seventh Circuit, all right. Correct. If we did that, where would that get you, your guidance, level two? Well, I would say – I would still argue level one. It would get you to either one or two. Exactly. It would make level three error. It would get you to one of the other levels, which would reduce you by a few months. Correct. But we'd have a rule that court can go behind it, but for a limited purpose. Correct, and then at the same time – Which would be just a record to make sure of the age. Right, but at the same time, keep in mind – And the government, I guess after they solved the Price case, they moved to vacate and remand here. And we took it under advisement, pending oral argument. They came in and moved to withdraw their motion to vacate. So we've got two pending motions here from the government. Correct. Do you have a position on either or both of those motions? Well, actually, we do not object for them to withdraw that motion. But I did want to mention – You don't object to the motion to withdraw? Correct. So you don't care whether you get a ruling or not? No, we do care, but I'm just saying that we do not care if they withdraw that motion. But one thing I wanted to go back to is the fact that you have to keep in mind a sentencing judge does have a recourse. Because we have to remember the whole point of SORNA is to punish sex offenders. And they especially want to give extra punishment to those who abuse minors. So adopting the approach that we advocate, which is a categorical approach or even the modified categorical approach, a judge still can do an upward variance and still look at all the underlying facts. And I think that's very important. This defendant has not been accused or convicted of a sex offense since the predicate conviction, am I correct? You are correct. This is purely a failure to register case. Correct. Registration wasn't brought on by a subsequent sexual offense. Correct. So as between level one and level two, is that something the district court can sort out on remand? Or is it your view that we should resolve that as a matter of law upon appeal? Well, I think that is something that the district court can go into. Because in the end, what we're going to have is if the judge is required to do a categorical or modified categorical approach, then we have New Jersey that has already classified this as a tier two, although we have also argued that it could be tier one. But the categorical or modified categorical approach knocks out tier three. Well, I wouldn't say it knocks it out. Why not? Why wouldn't you say that? Well, for this particular defendant, it does. Sorry, I thought you meant in general. Sorry, I thought you meant in general. But yes, for this particular defendant. You don't want to be conceded you're okay. No, that was not my intention. But what I'm saying is it seems to me pretty clear that the New Jersey conviction is a good deal broader than the federal generic, because it doesn't require actual physical conduct before you are convicted of it. And so you would say once you get categorical, that predicate offense is a good bit broader than the federal offense. Correct. And so that would knock the category, the number three out. But you still say it's between one and two. We can simply remand for further proceedings consistent with the opinion? Yes, and that is my question. So that's what you want? Yes, that is what we're asking. What if you didn't look at the New Jersey tier classification? Which one would apply? Tier one or tier two? That's where your argument is growing a little concerned me. I don't understand why you would argue that you should look at the New Jersey tier classification here. It looks like you've abandoned me to some extent. Here you're saying send it back and go one way or the other. It may be, at least it seems to me, you say tier one is the way this court ought to go when you look at the classification that's going to exist if you're not looking at the New Jersey classification. But we defer to that, which you seem to be saying do that too. Well, again, tier one obviously would be the favored position in this particular case. But I would say... I guess what I'm saying is if it appears as though tier three doesn't apply, and that's really the issue. Correct. Let's go back. Why would you say go to either one from a defendant's perspective? Because that might come up and that might be an issue you can deal with below. But for us, why would you argue, well, it could be either one? Well, I'm just arguing it in the sense that New Jersey came up with category tier level two, okay? And we have presented an argument that it should be tier one. We don't give them any deference to that. Sorry? We don't give any deference to that, to New Jersey, to New Jersey's tier. Well, I think we should give some deference to it. You think we do? Yes. Well, that's what your predecessor argued to the district court. I thought you'd say, no, this is for federal courts to figure out. Right. No, it should be given deference. And also, though, to do this tier... The classification we need is the New Jersey tier classification is based on different criteria and so on. But if you want us to give it deference, you're saying that's okay. Well... Just clarify if that's what you want. I mean, you better get what you ask for. Are you sure that's what you want? I want what is the best result for my clients. It's got motions going both ways. It seems to me like, well, you're taking a different position than was taken in the district court. Correct. You don't know whether you want to give deference or not, or you do want to give deference. Whether that helped your client or not, I don't know. Right. So I would prefer, for today's hearing, I am going to state that we do prefer for a tier one offense level to be applied. We know you prefer it. There's no question about the preferences. That's not our question at all. And I think Mr. Berry is entitled to have you say that. If I were him, I'd say you ought to be saying that. Whether he gets it or not is another matter. Right. But if this court is willing to declare that it should be a tier one level, definitely, that would be very helpful to Mr. Berry. Well, I think we get that. Okay. All right. Thank you. All right. We thank you. Mr. Rubin, let's hear your view. Good morning. May it please the Court. My name is Phil Rubin on behalf of the United States. The Congress passed SORNA to protect the public against sex offenders and against offenders who prey on children. Can we start with the determination of whether you agree this should be determined on the categorical or modified categorical approach? And if that's the case, tier three is not the one that you apply here? Your Honor, was your question if you apply the categorical approach or whether we think you should? I just want to see to what extent you agree here. You have a motion to vacate at the beginning. I just want to know where can we start at least this discussion. We can start at the beginning and just go through all of the facts and go through it. Or we can start here where we just left off and maybe get into the business of whether this is tier one or tier two. Absolutely. Your Honor, we don't believe that the categorical or modified categorical approach should apply to this at all. So you want us to uphold the sentence? We do. And the ruling of the district court? We want you to affirm, Your Honor. And to your point earlier about the procedural history, at one point we initially thought after this. But you're a moving target. I mean, that's right. You moved to vacate. You moved to withdraw the motion to vacate. How many times can the government change its mind? I guess I would say. I mean, we're entitled to have the government speak straight to us. And I will do that here today this morning. Which you haven't done until now. Your Honor, we wanted to get it right. And in considering the supplemental brief, the briefing order, and actually writing the brief, we decided, and this was after we had filed the motion, we decided that our argument had merit and that indeed we think it is correct. And therefore, because we want to help the court to reach the right decision, we think this issue is ready for the court to decide. And does Price support you or undercut you? It significantly supports us, Your Honor. And the reason is the court's opinion in Price gives a detailed analysis of how to look at SORA. Now, granted, Price was about the definition of sex offense, which determines whether someone is a sex offender required to register at all. But it turns out the lessons that the court explained in Price apply directly to this case. And indeed, we think that it controls the outcome. Price looked at the same three factors the Supreme Court identified in the DeCamp decision and its earlier decisions on when you do and don't apply the categorical approach. Those factors are the purpose and text of the statute, the Sixth Amendment implications, and the practical difficulties. And in Price, the court found that when looking at the definition of sex offender, the court should look beyond the elements of the offense and instead look at the actual underlying conduct. And the court did that primarily focused on those two first purposes behind the categorical approach, which it held did not apply. So in looking at the underlying conduct, as Judge Wilkerson alluded to, what does that then lead us to for instructing district courts on how to approach this? What would they be doing? Would they be holding a hearing? Or how is this going to happen? Is the defendant going to be able to defend some of that evidence that's put up there? Is there going to be a mini trial? How is that going to work? The defendant will absolutely. And we already have a hearing on it. It's the sentencing hearing, Your Honor. The hearing on it. Why would we do that? Why would we just open these cases up to a hearing on each one of these cases and conduct essentially a mini trial on something of this nature? The first, Your Honor, and this also goes to Judge Wilkerson's point from my colleague's argument. The first is I disagree that it would result in mini trials. For starters, this is – But you do agree that if you bring up something and it's really not something to stay in front of you, and they look at it unaligned, that the defendant is surely going to want to bring up something possibly to say is not so, and then you want to challenge the credibility of the evidence unaligned. I mean, you do agree that can happen. It quite well would happen. And all of that – I mean, we've got children involved. And you all want to have a full-blown hearing to start all over again to retry the case. Apply the circumstance, what we call the price circumstance, specific. That's what you want. Some courts have called it the non-categorical approach. And you say that applies here, which opens it up to just exactly what Judge Wynn talked about and Judge Wilson talked about, retrial. Retrial. For a lot more than just days. What happened? What happened? Who's telling the truth? Your Honor, to both of your questions, Your Honors, courts do this at sentencing routinely, at least in so much as the government will say and the probation office will say certain enhancements apply based on facts that were not found by the jury. And then the government will present evidence, and the defendant may disagree. And the defendant is entitled to present evidence. Yeah, but there's a difference because courts do this routinely. They hold sentencing hearings and evidentiary hearings. But most often those concern the instant offense and whether there should be an enhancement or some kind of leadership enhancement or obstruction enhancement or minimal role reduction or what have you. Those are the instant offense. But where we're talking about predicate offenses, evidentiary hearings take on a different character. And they go back much farther. The evidence is much less reliable. The unfairness to victims can be much more significant, particularly in a situation where there's childhood sexual abuse. The child's likely to say, well, my God, am I never going to be able to close the book on this in my life? Why would we do that? I take your point, Your Honor. But you see, this is what the Supreme Court has the categorical approach for to prevent precisely this kind of thing. Your Honor, I would really like to break down what would actually happen in proving these up because there are guidelines already on the books where it is clear that courts will do exactly what I'm describing. 2A6.2. Now this thing happened in 2002. Yes, Your Honor. Excuse this as specific. It happened in 2002. The little girl was 5 years old, right? Yes, Your Honor. And we're now 13 years down the road. So we're going to have another hearing when she's 18. She's going to come in and testify. Your Honor. And then if he wants to, he can get up there and testify. And then the judge has got to decide. This is a sentencing hearing, Your Honor. That's a sentencing hearing. I know. And you're going to say the sentencing hearing opens all this up. The record will show you how old she was. She was 5 years old. That's not really my point. My point is actually that the government won't necessarily or even often or maybe only in rarely cases actually need to present the victim to testify. A lot of times you will have other. In this case, it was a police report. Now there are plenty of other documents that are admissible at sentencing hearings to prove this kind of thing that do not raise those issues. There are other sentencing guidelines that absolutely call for a circumstance-specific approach looking to prior conduct before the offense conduct. 2A6.2 adds two levels if the offense involved a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim. And the comment to that says the prior conduct didn't even have to result in a conviction. So you can't use the categorical approach there. There are other guidelines. There's a criminal history departure on repetitive or dangerous sex offender that looks at whether this person has engaged in a pattern. In fact, Judge Wilkinson's distinction, we're not talking about a crime for which he's now before him now underlined conduct. We're talking about sex registration. And then you're looking at the actual another type of crime for which he's been convicted. So in doing that, even though the sentencing is still what you've done, you bring into evidence something other than what he is convicted of on record. You just look at that Sheppard-type documents there. You've got one thing that's convicted of. What you want to say is, I want to bring in what he actually did. And if you do that, and he says, I can just put in documents to do it, what keeps the defendant from saying, No, I want to confront this. This didn't happen that way. I pled to something different for a reason. And what I pled to here is different than what's in these documents. If I said these documents are true, I pled to that. But that's just a document. And that is something that a defendant absolutely can contest at the sentencing hearing, as with any other issue. But that puts us back to the original question we asked is, is that something we ought to do? And that is turn these into, the term we use, mini-trials. You want to avoid that, but it looks exactly like a mini-trial to me. There's two important points here. The first is that I don't think there's any question that if Congress and the Sentencing Commission wanted courts to do this, that under the law that has been in place for centuries as far as sentencing hearings and the evidence that can be used at them, that courts could do this. No, but that's the problem. I don't see that Congress wanted them to do this because it used words like compare, and it says compare to the offense. That seems to me to suggest that Congress would at least be comfortable with using a categorical approach. And it seems that the reason that you would want to do away with the categorical approach or the modified categorical approach is precisely to get into the kind of mini-trial that my two colleagues are concerned about. And that's the only reason for ditching the categorical approach is to sort of get into it. I'm not sure the SORNA guidelines, to the extent that I can read them, the SMART guidelines, they seem to prefer the categorical approach. Certainly the federal statute doesn't come anywhere near to dictating a specific circumstances of the predicate crime approach. And as I understand it, maybe I'm wrong, but other circuits have adopted the categorical approach. So would we not be creating a circuit split in addition to all the other concerns we've raised? There are a few things there, and I want to address all of them. But the last one first, Your Honor. While on the one hand there's a concern about creating a circuit split, and it would, there's also the concern this Court has to have with creating an intra-circuit split. Well, so why should we create a circuit split? In order to be compatible with this Court's decision in Price. Price already allows the instance... But you agree we would be at odds with other circuits? You would, Your Honor, but if you go that way, then you'll be at odds with this Court's own decision in Price, and I'd like to... But will we be effectively overruling Price? In other words, we can be at odds with the decision, but if it's not on point, I just want to make sure you're not saying that to do this, we have to overrule Price or to set it aside. What the Court would be saying, and this is what I mean in terms of how this relates to Price. Price already allows this exact conduct that we're debating here, whether mini-trials occur or a different term or whatever, Price already allows that exact 2002 conduct to come in. It already allows it under the circumstance-specific approach when proving whether the defendant was required to register in the first place. So what the Court would be saying is, even though that can already come in, we may have a whole trial, an actual jury trial, including that element of the offense. It's now an element of the offense that's proven to the jury. But when we get to sentencing, the Court now must disregard what was proven to the jury during the trial because that is now part of the elements of the offense. That is the implication of the Price decision. And respectfully, the other courts that have looked at this issue, that is one of the reasons, because they didn't grapple with that question, that they didn't reach the right answer. And as I said at the very beginning, we're asking the Court to reach the right answer, even if that is a different answer. Of the four circuits that have gone the other way, two of them did not even consider whether it was possible that the categorical approach might not apply. They just assumed that it did and proceeded. Only two of them, the first and the tenth, actually looked at this issue. What do you mean they didn't consider it possible? Certainly they considered it possible. They just didn't write it down. There was no analysis. There was no debate like we're having here today in those cases. There was no mention of the possibility. I can accept that. I can't imagine that they didn't think it wasn't possible. I think sometimes we do so much categorical approach. I know we certainly do a lot of it in my office. We do so much of it, it starts to feel like it is the default. But it is not. It certainly would make things pretty stringent on these cases. I actually disagree, and this goes to the practical difficulties point. I think one thing we've learned over the couple of decades of experience with the categorical approach is that it is anything but easy to apply. It's anything but easy for defendants to know where they stand. Are they going to know whether their statute is divisible or not? Under which circuits analysis? The circuits are differing right now in the ways to conduct divisibility. But is it difficult for the government to figure out where they stand? Under the categorical approach? That whole bunch of you on the other side seems difficult. What about you? Under the categorical approach, I think it's difficult for anyone to figure out. And it requires a lot of debate. And so knowing in advance whether a court is going to decide that you are a tier 3 or a tier 2 or a tier 1 is difficult. But what a defendant does know. It's not difficult in this case to figure out that if it applies here, tier 3 does not apply. I think that's right, but I do want to get to one other point. Before you say I think, when you say I think, why do you have some doubt? Because it depends on what you mean when you apply the categorical approach. And this goes to Judge Wilkinson. So you're saying that this could be tier 3 even under the categorical approach? Under an element-centric approach, but this is the difficulty. This statute, and this is the very first thing the court looked at in Price, was let's look at the text of the statute. Because the reason we use the categorical approach is because the text of the. . . The text of the federal or the New Jersey statute? Of SORNA, the federal statute. The text of the Arbiter of Criminal Act demands it. It says look at elements. It says if the offense is burglary. It talks about convictions. SORNA doesn't do that. SORNA talks about offenses, which we know can go either way. And then it says comparable to or more severe than a list of offenses. And Judge Wilkinson, I have to respectfully disagree that comparable means categorical. In fact, a heart doctor is not comparable to a cardiologist. A heart doctor is a cardiologist. I was making the point that the word comparable could mean a categorical approach. And at the very least is not a prohibition of a categorical approach. Because in order to find whether something is comparable, you have to compare. And so that seems to me in order to compare, you have to match up the New Jersey statute with the federal generic or in this case the sexual abuse statute in the federal code and see if the New Jersey statute is broader. And to me, it may be complicated in other cases, but the problem here is that in order to be convicted under the New Jersey statute, there doesn't have to be any physical contact. And that's a big difference from the federal statute, which requires that there be physical contact. And I think what I'm trying to say is that by not using the language is, and this court in Price said Congress knows how to apply the categorical approach. It even did it in other parts of SORNA. And the fact that Congress didn't use the terms, and Congress in the Armed Court Criminal Act didn't say if the offense is comparable to burglary. They said if it is burglary. And Congress is well aware of how to do that, and they didn't do that here. They used comparable to or more severe than, which I have to disagree. When you're looking at comparable to or more severe, more severe would have absolutely no meaning if you apply the categorical approach, because you'd be purely looking at a match of elements. You would do, if you go that way, you will do what I think the First and Tenth Circuits did incorrectly, which is rewrite the statute to change comparable to or more severe than and just make it is. Congress didn't put is, and Congress could have. And we know the purpose of this statute is broad. It is to protect the public from sex offenders. The guidelines, in turn, think that punishing someone whose conduct, and the conduct is what we're afraid of, the conduct is what harms the victims. Well, you say to protect the public, but, I mean, nobody's talking here about letting somebody go free. I mean, it's still going to be a failure to register offense. It's still Tier 1 or Tier 2 is going to apply if the district court is sufficiently appalled or can do an upward variance, and that happens all the time as long as it's adequately explained. But, I mean, you say it's to protect the public against sex offenders, and goodness knows that's a worthy and critical thing to do. But we're not just saying, oh, it was no problem for your failure to register. It's still being treated very seriously, that failure to register. But this Court's decision on how to calculate the tier will sometimes result in offenders not being convicted of the offense, because the tier comes into play in another calculation. A Tier 1 offender is required to register for 15 years, Tier 2 for 25 years, Tier 3 for life. So if you have a defendant who committed the offense 20 years ago, whether he is guilty of the offense of failing to register depends on whether he's a Tier 1 or a Tier 2 offender. So, Your Honor, to your point, yes, sometimes it will result in setting people free. And I do think the analysis probably has to be the same for figuring out his tier for purposes of whether he's guilty of the offense at all and his tier for whether he's guilty or whether he receives a 12, a 14, or a 16 base offense level, since they rely on the exact same definitions. And that, again, goes to price. We can already bring this conduct in to figure out if he committed a sex offense in the first place. Imagine a trial where a defendant is saying, I didn't commit a sex offense, and it was too long ago, it would be a Tier 1 even if. We would actually go before the jury. We can bring the victim, we can bring all those people in to prove under price that it was a sex offense, and then would we be told, ignore all that, we'll figure out the tier without using that. Again, Congress could have written it that way. Congress could have used the categorical approach that it is well familiar with, but it didn't. There are no Sixth Amendment implications here. That's the other thing that brings in the categorical approach. Well, under your reading, you say we would make the words more severe or superfluous, but under your reading, wouldn't we make comparable superfluous? No, I think what it's instructing courts to do is to take a look at the example statutes that are given and to ask what I think feels like a much more fact-laden question than the categorical approach ever calls for, which is, is this similar? There is some precedent in this court, even under the terms categorical approach, for looking at it this way. In a case called Spence, which is at 661 F. 3rd 194, the court was looking at a possession of child pornography offense, and even though it applied the categorical approach, it noted that Congress used the phrase relating to when describing the offenses and said, therefore, the crime reference in the indictment does not need to satisfy the narrow definition of sex abuse. It gives wiggle room. We thank you very much. Thank you. Ms. Harnan, we have some rebuttal time here. Thank you. I am asking this court to not follow the government's approach. As previously been discussed and as has been laid out in the briefs, we don't want many trials where a victim has to come to court to testify. That defeats the whole purpose of basically our guidelines. We have to keep in mind that Congress knows how to make an offense non-categorical and categorical. In this particular statute, Congress made reference to the Federal Criminal Code. When they did that, they made it an elements-based analysis. Doing that makes this, the usage of the categorical approach, the correct approach in this case. The other point that I want to make is issuing a decision in this case would not be overruling price. As I stated earlier, price is not directly on point because in price, the specific issue was whether the South Carolina offense required that particular defendant to register under SORNA. That's not the issue in our particular case. We agree that Mr. Berry had to register under SORNA. Our question is whether a district court can apply the non-categorical approach in determining the tier classification level. It's our position that the court cannot and they must use the categorical or the modified categorical approach. This would not overrule price because, again, price suggested that the circumstance-specific approach would not apply to other subsections of 16911. They were making a specific analysis under subsection 7i. I also would like to ask this court to, in this particular case, to rule that it's either a categorical or the modified categorical approach applies. Because New Jersey statute is divisible, the modified categorical approach must apply, which would result in an offense level of tier 1. Thank you. We thank you, and I see that your court appointed. We really want to express our appreciation for the good effort that you've put into this case. Thank you so much. Thank you. We will take a brief recess and come down and wait for counsel.
judges: J. Harvie Wilkinson III, Robert B. King, James A. Wynn, Jr.